UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JONATHAN JASON HALL,

Plaintiff,

v.

STATE OF CALIFORNIA.,

Defendant.

No.  2:26-cv-0314-DJC-CKD PS

ORDER GRANTING IFP REQUEST
AND DISMISSING WITH LEAVE TO
AMEND

Plaintiff Jonathan Jason Hall proceeds pro se in this action which is referred to the undersigned by Local Rule 302(c)(21) pursuant to 28 U.S.C. § 636(b). Plaintiff has filed an application in support of his request to proceed in forma pauperis which makes the showing required by 28 U.S.C. § 1915(a). (ECF No. 2.) The request will be granted.

**I.      SCREENING REQUIREMENT**

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (2000). In performing this screening, the court liberally construes a pro se plaintiff's pleadings.

1

See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) (citing Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam).

## II.        ALLEGATIONS IN THE COMPLAINT

Plaintiff's complaint names the State of California as the sole defendant. The complaint is completely devoid of factual allegations, merely stating "Civil Rights Violations." (ECF No. 1 at 4.)

## III.        PLEADING STANDARDS

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (2000). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend

unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

### IV.    THE COMPLAINT FAILS TO STATE A CLAIM AND FAILS TO SET FORTH A BASIS FOR FEDERAL JURISDICTION

Plaintiff has neither alleged a specific cause of action nor provided any facts from which the court can infer a cause of action over which the court has original jurisdiction.  It appears that the court may not have federal question jurisdiction over this action as plaintiff does not assert any federal claims against any defendant, and there is no diversity of citizenship jurisdiction because both plaintiff and defendants are citizens of California.[1]  See McDaniel v. Hinch, No. 2:17-cv 02448-KJM-CKD (E.D. Cal. July 11, 2018) ("[W]ith no stated claim triggering either diversity or federal question jurisdiction, the complaint is properly subject to dismissal for lack of jurisdiction").

### V.    CONCLUSION

The complaint must be dismissed, but plaintiff is granted leave to file an amended complaint. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect… a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."). An amended complaint should be titled "First Amended Complaint." Local Rule 220 requires that an amended complaint be complete by itself without reference to any prior pleading.

For the reasons set forth above, IT IS ORDERED as follows:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend.

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure

/////

---

[1] Plaintiff does cite "45 CFR 165.524 Individual's Right Under HIPAA to Access their Health Information" as a basis for federal jurisdiction. (ECF No. 1 at 3.) Without any factual allegations, however, the Court is unable to discern the gravamen of the plaintiff's claim.

and the Local Rules of Practice; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: February 9, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

CKDHall314.scrn

4